**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANKER INNOVATIONS TECHNOLOGY CO., LTD; SHENZHEN OCEANWING SMART INNOVATIONS TECHNOLOGY CO., LTD.; ANKER INNOVATIONS LIMITED; and FANTASIA TRADING LLC; <br><br> Plaintiffs, <br><br> v. <br><br> BEIJING SEVEN TALENTS TECHNOLOGY CO., LTD.; AOSU LIFE PTE. LTD. (SINGAPORE); SHENZHEN ZHILING TECHNOLOGY CO., LTD.; GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD.; and HONG KONG GLAZERO INTERNATIONAL TRADE CO., LIMITED; <br><br> Defendants. | Case No. 1:25-cv-15663 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Anker Innovations Technology Co., Ltd.; Shenzhen Oceanwing Smart Innovations Technology Co., Ltd.; Anker Innovations Limited**;** and Fantasia Trading LLC (collectively, "Anker") hereby file this Complaint for, *inter alia*, design patent infringement, trademark infringement, and related claims against Defendants Beijing Seven Talents Technology Co., Ltd.; AOSU LIFE PTE. LTD. (Singapore); Shenzhen Zhiling Technology Co., Ltd.; Guangzhou Chaoyan Technology Co., Ltd.; and Hong Kong Glazero International Trade Co., Limited (collectively, "Defendants"), on personal knowledge as to Anker's own activities and on information and belief as to the activities of others.

1

## PRELIMINARY STATEMENT

1.      Anker is a company known throughout the world for its quality products and innovative designs. Among other product lines, it has designed award-winning video doorbells, home security systems, and smart locks sold under the EUFY® trademark that work with its HOMEBASE® computer storage devices to provide storage and backup of electronic data locally. Rather than innovating, designing their own products, or building their own goodwill, Defendants (who are all part of the same corporate family) have chosen to copy Anker and usurp its hard-earned design patent and trademark rights. Anker sought to have Defendants withdraw their infringing products and cease their infringing use of Anker's trademark without litigation. Defendants refused, forcing Anker to protect its intellectual property here.

## THE PARTIES

2.      Plaintiff Anker Innovations Technology Co., Ltd ("Anker Innovations Technology") is a limited liability company organized and existing under the law of China with a principal place of business at Room 701, Building 7, Zhongdian Software Park, 39 Jianshan Road, Hi-tech Zone, Changsha City, Hunan Province, China. Anker Innovations Technology is a leading consumer electronics brand that designs, manufactures, and sells well-known tech products throughout the world, including products sold under the EUFY®, ANKER®, SOUNDCORE®, and NEBULA trademarks. Anker Innovations Technology is the exclusive licensee of the Eufy Patents (as defined below).

3.      Plaintiff Shenzhen Oceanwing Smart Innovations Technology Co., Ltd. ("Shenzhen Oceanwing") is a limited liability company organized and existing under the law of China with a principal place of business at B701-705, Jianxing Tech Bldg, Xinxing Industrial Park, 3151 Shahe West Road, Nanshan District, Shenzhen City. Among other things, Shenzhen Oceanwing provides research and design for Anker and comes up with innovative product designs that have been

recognized throughout the world. Shenzhen Oceanwing has won numerous prestigious international design awards for its consumer electronics and smart product designs for Anker, such as the Good Design Award, iF Design Award, and Red Dot Design Award. Shenzhen Oceanwing is the assignee of the Eufy Patents (as defined below).

4.     Plaintiff Anker Innovations Limited ("Anker Innovations") is a limited liability company organized and existing under the law of Hong Kong with a principal place of business at Unit 56, 8th Floor, Tower 2, Admiralty Centre, 18 Harcourt Road, Hong Kong. Anker Innovations is a global smart hardware company that offers a wide range of tech products for charging, smart living, and entertainment, including leading brands like EUFY® (smart home security, vacuums), ANKER® (charging tech, portable power, solar), SOUNDCORE® (audio devices like headphones, speakers), and NEBULA (portable projectors). Anker Innovations is the owner and registrant of the HOMEBASE trademark and exclusive sublicensee of the Eufy Patents (as defined below).

5.     Plaintiff Fantasia Trading LLC ("Fantasia") is a limited liability company organized and existing under the law of Delaware with a registered agent at Business Filings Incorporated, 108 West 13th St, Wilmington, Delaware 19801 and a place of business at 755 Remington Blvd, Bolingbrook, Illinois 60440. Fantasia is the exclusive licensee of the HOMEBASE Trademark (as defined below) and the exclusive sub-sublicensee of the Eufy Patents (as defined below).

6.     Shenzhen Oceanwing, Anker Innovations, and Fantasia are subsidiaries of Anker Innovations Technology.

7.     On information and belief, Defendant Beijing Seven Talents Technology Co., Ltd. ("Beijing Seven Talents") is a limited liability company organized and existing under the law of

China with a principal place of business at Room 602, 6th Floor, Building 3, No. 18 Ziyue Road, Chaoyang District, Beijing China. On information and belief, Beijing Seven Talents is the parent company of the other Defendants and offers for sale and sells Infringing Products (as defined below) through the *www.aosulife.com* website and imports Infringing Products into the United States.

8.      On information and belief, Defendant AOSU LIFE PTE. LTD. (Singapore) ("Aosu Life") is a limited liability company organized and existing under the law of Singapore with a principal place of business at The Metropolis, 9 North Buona Vista Drive #02-01, Singapore 138588. On information and belief, Aosu Life offers for sale and sells Infringing Products (as defined below) through the Aosu app and imports Infringing Products into the United States.

9.      On information and belief, Defendant Shenzhen Zhiling Technology Co., Ltd. ("Shenzhen Zhiling") is a limited liability company organized and existing under the law of China with a principal place of business at Room 201, Building A, No. 1 Qianhai Road, Qianhai Shenzhen-Hong Kong Cooperation Zone, Shenzhen, Guangdong, China. On information and belief, Shenzhen Zhiling manufactures Infringing Products (as defined below) sold at least in the United States and Europe.

10.     On information and belief, Defendant Guangzhou Chaoyan Technology Co., Ltd. ("Guangzhou Chaoyan") is a limited liability company organized and existing under the law of China with a principal place of business at Room 402, 403, ZC01-K230, Building 2, No. 1933 Huaguan Road, Tianhe District, Guangzhou China. On information and belief, Guangzhou Chaoyan offers for sale and sells Infringing Products (as defined below) through Amazon.com and imports Infringing Products into the United States.

11. On information and belief, Defendant Hong Kong Glazero International Trade Co., Limited ("HK Glazero") is a limited liability company organized and existing under the law of Hong Kong with a principal place of business at No.3 Tai Yau Street, 19H Maxgrand plaza, San Po Kong, Kowloon, Hong Kong. On information and belief, HK Glazero offers for sale and sells Infringing Products (as defined below) through Walmart and imports Infringing Products into the United States.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of the Federal claims in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b). This Court has jurisdiction over the subject matter of the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b), and this Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including in Illinois. Among other things, Defendants have established and operated Defendants' fully interactive website and e-commerce stores, which target sales of infringing products to Illinois customers, sell and have sold infringing goods to Illinois customers, offer shipping of infringing products to consumers in the United States (including in Illinois), accept payment in U.S. dollars from Illinois customers, and have sold and shipped products featuring Anker's federally registered trademark and patented designs to residents of Illinois. Defendants also engage in these same infringing sales and business activities targeted toward Illinois consumers and consumers located throughout the entire United States through other online retail stores, including but not limited to Amazon.com,

BestBuy.com, and Walmart.com. Moreover, Plaintiff Fantasia maintains a warehouse in Bolingbrook, Illinois, within the Northern District of Illinois, through which it imports and distributes genuine Anker products that are harmed by Defendants' actions. Accordingly, Defendants' infringing activities have caused Fantasia to suffer injury in Illinois, Defendants are committing tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused Anker substantial injury in the State of Illinois.

## **BACKGROUND FACTS**

### A. **Anker and Its Intellectual Property**

14.     Anker is a leading global smart-hardware company that designs, manufactures, distributes, sells, advertises, markets, and retails well-known consumer technology products for charging, smart living, and entertainment under brand names including EUFY, ANKER, SOUNDCORE, and NEBULA.

15.     Anker serves consumers in more than 146 countries and regions, and its products have reached over 200 million users worldwide.

16.     Anker invests heavily in research and development—more than half of its workforce is dedicated to R&D—reflecting a sustained commitment to product innovation that consistently produces pioneering technologies and category-defining products.

17.     Anker's success has become a Harvard Business School case study of its model for growth, expansion, and market penetration.[1]

18.     Building on the success of the ANKER brand, Anker launched the EUFY brand to extend into the smart-home and Internet-of-Things ("IoT") markets with high-performance solutions for home security and smart cleaning.

---

[1] https://www.hbs.edu/faculty/Pages/item.aspx?num=66383.

19. Eufy's home security systems include security cameras and systems, video doorbells, smart locks, and related accessories ("Eufy Products").

20. At the center of Eufy's home security systems is the central hub, which provides local storage, device orchestration, and intelligent automation across multiple devices.

21. Eufy Products have earned substantial industry recognition and acclaim.

22. Eufy Products are regularly showcased at major consumer electronics trade shows and have been honored at the IFA Innovation Awards and the CES Innovation Awards.

23. Eufy's product designs have received international design honors, including the Red Dot Design Award, iF Design Award, and the Good Design Award.

24. Eufy Products consistently appear on "best of" lists for smart home and home security devices published by leading publications, including the *New York Times' Wirecutter*,[2] Wired,[3] PCMag,[4] and *Tom's Guide*.[5]

25. Anker sells Eufy Products on the Eufy Website (www.eufy.com) and through nationwide retailers such as Target and Best Buy, as well as on e-commerce platforms such as the Eufy Amazon Store (www.amazon.com/stores/eufySecurity/page/8A423F43-5EFC-4E98-A8BD-8D5B0925CE19) and the Eufy Walmart Store (www.walmart.com/brand/eufy/10005493), among others.

---

[2] https://www.nytimes.com/wirecutter/reviews/best-security-cameras-for-your-home/; https://www.nytimes.com/wirecutter/reviews/best-smart-doorbell-camera/.

[3] https://www.wired.com/gallery/best-outdoor-security-cameras/.

[4] https://www.pcmag.com/lists/best-video-doorbells; https://www.pcmag.com/picks/the-best-outdoor-home-security-cameras.

[5] https://www.tomsguide.com/best-picks/best-home-security-cameras.

26.     Eufy Products are known for their distinctive designs, which have become broadly recognized by consumers. In recognition of the innovative, distinctive designs of Eufy Products, the U.S. Patent and Trademark Office ("USPTO") has granted numerous design patents to Shenzhen Oceanwing.

27.     Plaintiff Shenzhen Oceanwing is the lawful owner of all right, title, and interest in and to the United States Design Patent D966,918 ("D'918 Patent"), entitled "Doorbell" and issued October 18, 2022. A true a correct copy of the D'918 Patent is attached hereto as **Exhibit A**. Figure 1 of the D'918 Patent is shown below:



28.     Plaintiff Anker Innovations Technology is the exclusive licensee and Plaintiffs Anker Innovations and Fantasia are exclusive sublicensees of the D'918 Patent.

29.     Plaintiff Shenzhen Oceanwing is the lawful owner of all right, title, and interest in and to the United States Design Patent D1,077,022 ("D'022 Patent") entitled "Camera" and issued May 27, 2025. A true a correct copy of the D'022 Patent is attached hereto as **Exhibit B.** Figure 1 of the D'022 Patent is shown below:



30.     Plaintiff Anker Innovations Technology is the exclusive licensee and Plaintiffs Anker Innovations and Fantasia are exclusive sublicensees of the D'022 Patent.

31.     The D'918 Patent and the D'022 Patent (collectively, "Eufy Patents") remain in full force and effect.

32.     Anker has used the Eufy Patents in connection with its Eufy Products. Tech products fashioned after the Eufy Patents are associated with the quality and innovation that the public has come to expect from Anker and its EUFY brand.

33.     Through extensive, continuous, and exclusive use of the HOMEBASE Trademark on Eufy Products, Anker has developed extensive rights in that trademark, through federal registration and at common law ("HOMEBASE Trademark").

34.     Consumers have come to associate the HOMEBASE Trademark with Anker and the EUFY brand and its high-quality security system products. In recognition of the distinctiveness of the HOMEBASE Trademark and the secondary meaning it has developed in the mind of consumers, the USPTO has registered the trademark.

35.     Plaintiff Anker Innovations is the lawful owner and registrant of a federal registration on the USPTO Principal Register for U.S. Trademark Reg. No. 7,902,551 for HOMEBASE, covering "Computer storage devices, namely, high-speed storage subsystems for

storage and backup of electronic data locally" in International Class 9 ("HOMEBASE Registration").

36.     Plaintiff Fantasia is the exclusive licensee of the HOMEBASE Trademark and HOMEBASE Registration.

37.     The HOMEBASE Registration is valid, subsisting, and in full force and effect. A true and correct copy of the United States Registration Certificate for the HOMEBASE Registration is attached hereto as **Exhibit C**.

38.     The HOMEBASE Registration constitutes *prima facie* evidence of the validity and of Anker's ownership of the HOMEBASE Trademark and exclusive right to use the mark in connection with the goods recited in the registration.

39.     Since at least as early as 2018, Anker has continuously used the HOMEBASE Trademark with Eufy Products, namely, in connection with a central hub designed to connect and manage multiple security devices, such as doorbells and cameras.

40.     A representative product listing for the eufy HomeBase® S380 product is shown below:



*See* https://www.eufy.com/products/t80301d1.

41.    A representative example of the HOMEBASE Trademark affixed to the eufy HomeBase® S380 product is shown below:



42.    A representative example of the HOMEBASE Trademark prominently shown on packaging for the eufy HomeBase® S380 product is shown below:



43. Anker has invested substantial time, money, and effort into advertising and promoting the products sold under the HOMEBASE Trademark in Illinois and throughout the United States. Anker sells, advertises, and distributes its HOMEBASE products to consumers residing in this District, and nationally.

44. Anker ensures that products bearing the HOMEBASE Trademark are manufactured to the highest quality standards.

45. The HOMEBASE Trademark signifies to the purchaser that the Eufy Products come from Anker and are manufactured to Anker's rigorous quality standards.

46. Through the vast promotion, marketing, advertising, and investment in the HOMEBASE Trademark—combined with extensive nationwide sales of HOMEBASE-branded products—Anker has acquired enormous national goodwill in, and recognition of, its HOMEBASE Trademark.

47. Anker's products bearing the HOMEBASE Trademark are offered at retail locations nationwide, including, among many other major retailers, at Target and Best Buy (including in Illinois).

48. Anker also sells products bearing the HOMEBASE Trademark on its interactive website, www.eufy.com. The eufy.com website is accessible to, used by, and targeted to consumers in the state of Illinois and throughout the United States.

49. Anker also sells products bearing the HOMEBASE Trademark on its Eufy Amazon Store (www.amazon.com/stores/eufySecurity/page/8A423F43-5EFC-4E98-A8BD-8D5B0925CE19) and its Eufy Walmart Store (www.walmart.com/brand/eufy/10005493), both of which are accessible to and used by consumers in Illinois and throughout the United States.

**B.  Defendants' Infringement of the Eufy Patents and the HOMEBASE Trademark**

50.     On information and belief, Defendants are selling, offering to sell, distributing, promoting, advertising, and/or marketing consumer electronics, including home security systems, security cameras, doorbells, and related accessories ("Defendants' Goods").

51.     On information and belief, Defendants sell, offer to sell, promote, market, and/or advertise Defendants' Goods on their interactive website at *www.aosulife.com*, which is accessible to, used by, and targeted to consumers in Illinois and throughout the United States.

52.     On information and belief, Defendants sell, offer to sell, promote, market, and/or advertise Defendants' Goods on e-commerce platforms, including Defendants' Amazon Store (www.amazon.com/stores/AOSUSecurityOffical/page/452241AA-37C4-4F74-960C-BDF27DB6B28F) and Defendants' Walmart Store (www.walmart.com/brand/aosu/10015860), both of which are accessible to, used by, and targeted to consumers in Illinois and throughout the United States.

53.     On information and belief, Defendants' Goods are sold on websites for national retailers such as Best Buy, Walmart, Bed Bath & Beyond, Target, The Home Depot, B&H, and Micro Center.

54.     Defendants have systematically copied Anker's brand of security technologies.

55.     Defendants have not only replicated the distinctive design and overall aesthetic of entire collections of Eufy Products, but they have also closely imitated numerous aspects of Anker's website advertising and design, including copying Anker's highly original and creative product photography and promotional materials, as shown in representative examples below (with the Eufy website excerpt on the left and the Aosu website excerpt on the right):



56.     The similarities of these marketing materials are striking and are the direct result of Defendants' deliberate and coordinated efforts to misappropriate Anker's product designs and brand identity.

57.     Aosu's deliberate copying extends beyond branding and marketing.

58.     Defendants are further involved in the importation, offering for sale, and sale of home security technologies that infringe the Eufy Patents.

59.     A comparison of Anker's D'918 Patent with Defendants' AOSU Video Doorbell Ultra/Outdoor Doorbell Camera Wireless 5MP offered for sale on Defendants' website and e-commerce channels exemplifies Defendants' infringement of Anker's D'918 Patent.

| U.S. Design Patent No. D966,918 | AOSU Video Doorbell Ultra/ Outdoor Doorbell Camera Wireless 5MP |
|---|---|
|  | |

60.     A comparison of Anker's D'022 Patent with Defendants' AOSU Solar Wall Light Cam Pro offered for sale on Defendants' website and e-commerce channels exemplifies Defendants' infringement of Anker's D'022 Patent.

| **U.S. Design Patent No. D1,077,022** | **AOSU Solar Wall Light Cam Pro** |
|---|---|
|  | |

61.     Defendants' Products shown in Paragraphs 59-60 are "Infringing Products."

62.     On information and belief, Defendants are aware of the Eufy Patents and the high-quality products associated therewith.

63.     Defendants, without any authorization, license, or other permission from Anker, have used the Eufy Patents in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois over the Internet, as shown in representative listings below:



| **AOSU - V8S1AX11 3K 5.0-MP QHD Dual-Band Wi-Fi AI-Smart Wide-Angle Video Doorbell with HomeBase Chime**<br><br>https://www.bestbuy.com/product/aosu-v8s1ax11-3k-5-0-mp-qhd-dual-band-wi-fi-ai-smart-wide-angle-video-doorbell-with-homebase-chime-v8s1ax11-black/CZW28F7TJ7 | **AOSU Waterproof Video Doorbell Ultra with 5MP Ultra HD Camera and HomeBase**<br><br>https://www.walmart.com/ip/AOSU-Waterproof-Video-Doorbell-Ultra-with-5MP-Ultra-HD-Camera-Built-In-8GB-Memory-5-GHz-and-2-4-GHz-Wi-Fi-and-HomeBase/15998804615 |



$101.99

☆☆☆☆☆ 0

Aosu L7P Outdoor
Solar Wall Light Cam
For Fences, Parking

**Aosu L7P Outdoor Solar Wall
Light Cam For Fences, Parking**

https://www.bedbathandbeyond.com/Home-
Garden/Aosu-L7P-Outdoor-Solar-Wall-Light-Cam-
For-Fences-Parking/43315526/product.html

Save $20.00

Solar Wall Light Cam Pro   4.8 ⭐

2-in-1 Surveillance and Lighting
3K Ultra HD
Quick and Easy Setup

**Solar Wall Light Cam Pro**

https://www.aosulife.com/products/solar-wall-light-
cam-pro

64.     Defendants' unauthorized use of the Eufy Patents in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

65.     On information and belief, Defendants have been and/or continue selling, offering to sell, distributing, promoting, advertising, and/or marketing Defendants' Goods under the HOMEBASE Trademark (also "Infringing Products").

66.     On information and belief, Infringing Products—home security technologies, including security cameras, doorbells, and related accessories—are copies of the Eufy Products offered by Anker under the HOMEBASE Trademark and goods for which Anker owns a federal registration.

67.     Defendants' Infringing Products are targeted toward the same market and customers to whom Anker markets its HOMEBASE-branded products, putting them in direct competition with Anker's Eufy Products.

68. Defendants' Infringing Products are offered through many of the same channels of trade as Eufy Products, including through the Amazon and Walmart platforms, Best Buy, Home Depot, B&H, and Tractor Supply, among others, as shown in representative listings below:



**AOSU Waterproof Video Doorbell Ultra with 5MP Ultra HD Camera and HomeBase**

https://www.walmart.com/ip/AOSU-Waterproof-Video-Doorbell-Ultra-with-5MP-Ultra-HD-Camera-Built-In-8GB-Memory-5-GHz-and-2-4-GHz-Wi-Fi-and-HomeBase/15998804615



**aosu Solar Security Camera Kit-3MP 166° View Angle With 32GB Storage Home Base**

https://www.homedepot.com/p/aosu-Solar-Security-Camera-Kit-3MP-166-View-Angle-With-32GB-Storage-Home-Base-And-No-Monthly-Fee-C6P-2H/333926809



**aosu 3K Smart Video Doorbell Ultra with HomeBase Hub**

https://www.bhphotovideo.com/c/product/1902275-REG/aosu_v8s_3k_wi_fi_video.html



**AOSU - C6S2AH11 3K 5.0-MP Outdoor WirelessCam System Max with 2 Cameras and 4-Channel HomeBase Recorder**

https://www.bestbuy.com/product/aosu-c6s2ah11-3k-5-0-mp-outdoor-wirelesscam-system-max-with-2-cameras-and-4-channel-homebase-recorder-c6s2ah11-white/CZW28F7T29



**AOSU 3K 5.0-MP Outdoor WirelessCam System Max with 2 Cameras and 4-Channel HomeBase Recorder, C6S2AH11**

https://www.tractorsupply.com/tsc/product/aosu-3k-50-mp-outdoor-wirelesscam-system-max-with-2-cameras-and-4-channel-homebase-recorder-c6s2ah11-6001280



**AOSU - C8E2DA11 2K QHD 3.0-MP Dual-Band Wi-Fi Quick-Install Outdoor AI-Smart Solar Camera Pro System with HomeBase**

https://www.bestbuy.com/product/aosu-c8e2da11-2k-qhd-3-0-mp-dual-band-wi-fi-quick-install-outdoor-ai-smart-solar-camera-pro-system-with-homebase-white/CZW28F7THR

69.    On December 12, 2025, counsel for Anker placed an order for the Aosu WirelessCam Pro Systems product on the Aosu Amazon Store.

70.    The shipment confirmed Defendants' use of the HOMEBASE Trademark on the product, packaging, and instruction manual, as shown below:



71.     On information and belief, Defendants are also using the HOMEBASE Trademark within the pairing mobile app:



*See* https://www.instagram.com/p/DQJwPyQkQ_7/.

72.     Defendants are also infringing on the Plaintiff's HOMEBASE trademark and likely to cause confusion by deceiving consumers by including the HOMEBASE Trademark without authorization within the keywords and metadata on the Aosu Website, in Defendants' e-commerce listings, and on Internet search engines. Defendants are using metadata and Anker's HOMEBASE Trademark to intentionally cause Aosu Infringing Products to appear when consumers search the Internet for Anker's HOMEBASE products or when consumers perform a general search for security cameras or related products. By capturing and diverting consumers away from Anker and Eufy Products and toward Defendants' Infringing Products, Defendants capitalize on the substantial goodwill that Anker has earned in the HOMEBASE Trademark.

73. Defendants are using the HOMEBASE Trademark in connection with products that are of inferior quality, which tarnishes Anker's reputation and the EUFY brand, further compounding the confusion and harm.

74. According to the consumer reviews website Trustpilot, Defendants have a "Poor" overall rating of 2.5 out of 5 stars, with the majority of reviews expressing negative experiences with Defendants and/or Defendants' products.




75. Verified purchasers from the Aosu Amazon Store specifically report malfunctions of products marketed and sold by Aosu with the HOMEBASE Trademark, including units that cease functioning shortly after purchase, as well as problems with reliability and connectivity.



https://www.amazon.com/gp/customer-reviews/R2E7QLZ7WAF5QP/ref=cm_cr_arp_d_rvw_ttl



https://www.amazon.com/gp/customer-reviews/R296TFR6AY83A8/ref=cm_cr_arp_d_rvw_ttl

https://www.amazon.com/gp/customer-reviews/R3TIE8P2PEVXU2/ref=cm_cr_arp_d_rvw_ttl

76. These consumer reports describe products that do not meet the stringent quality standards associated with Anker's HOMEBASE-branded goods.

77.     The degradation of the consumer experience—especially while the HOMEBASE Trademark appears on Defendants' poor-quality products, product packaging, documentation, and/or marketing—undermines the distinctiveness and goodwill of the HOMEBASE Trademark and misattributes product defects to Anker, causing confusion and harm to Plaintiffs.

78.     Defendants' unlawful use of the HOMEBASE Trademark also gives rise to post-sale confusion.

79.     The problems created by Defendants' unlawful use of the HOMEBASE Trademark are exacerbated by the fact that the trademark is affixed to the product itself and features prominently in the user manual, ensuring that the user is likely to encounter it precisely when troubleshooting issues with the unit.

80.     Furthermore, third parties who later encounter the product—whether in the consumer's home, in online unboxing or review content, or in secondary market resales—are likely to perceive the presence of the HOMEBASE Trademark and mistakenly believe that the product originated with, is affiliated with, or is approved by Anker.

81.     Such post-sale confusion harms Anker by eroding the association between the HOMEBASE Trademark and Anker's stringent quality controls and by causing consumers and prospective consumers to attribute product defects and poor performance to Anker.

82.     On information and belief, Defendants further exacerbate this confusion by promoting their products through influencer marketing, including paid partnership and/or gifted placements in which influencers feature the HOMEBASE Trademark in sponsored posts, unboxing videos, and product reviews, as shown in representative influencer posts below:



https://www.instagram.com/p/DQJwPyQkQ_7/.



https://www.instagram.com/p/DPBkxrWkbq1/.



https://www.instagram.com/p/DR7OBOMjkTV/.



https://www.instagram.com/p/DQ4LfDmjjWU/.

83.     These promotions prominently feature the HOMEBASE Trademark in a list of key product features, reinforcing the false impression that Defendants' goods originate with, are approved by, or otherwise affiliated with Anker, amplifying both initial-interest and post-sale confusion.

84.     Defendants are using Anker's HOMEBASE Trademark in connection with Defendants' Goods illegally and without authorization from Anker.

85.     Defendants have no rights in, or rights to use, the HOMEBASE Trademark or any confusingly similar mark.

86.     Defendants' unauthorized use of the HOMEBASE Trademark is likely to cause confusion or mistake, or to deceive customers as to the relationship, sponsorship, partnership, affiliation, connection, or association between Defendants and Anker, and/or as to the origin, sponsorship, or approval of Defendants' and/or Anker's goods, services, or commercial activities among consumers in Illinois and throughout the United States.

87.     Defendants' conduct and unauthorized use of the HOMEBASE Trademark in interstate commerce constitute trademark infringement in violation of federal and state law, and must be enjoined.

88.     Defendants' conduct has been wanton, malicious, willful, reckless, and intended to cause confusion with Anker's registered trademark and to capitalize on the Anker's goodwill associated with the HOMEBASE Trademark, with actual and/or constructive knowledge of the Anker's HOMEBASE Trademark.

## COUNT I
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D966,918
### (35 U.S.C. § 271)

89.     Anker repeats and realleges the foregoing allegations above as if fully set forth herein.

90.     Anker's D'918 Patent is valid and enforceable.

91.     To an ordinary observer, the Infringing Products, including but not limited to the AOSU V8S1AX11 3K 5.0-MP QHD Dual-Band Wi-Fi AI-Smart Wide-Angle Video Doorbell with HomeBase Chime, embody the D'918 Patent's patented design or a colorable imitation thereof.

92.     Defendants, in violation of 35 U.S.C. §§ 271 and 289, have infringed and continue to infringe all claims of the D'918 Patent, either directly and/or indirectly, by making, using, offering for sale or selling the Infringing Products, including but not limited the AOSU V8S1AX11 3K 5.0-MP QHD Dual-Band Wi-Fi AI-Smart Wide-Angle Video Doorbell with HomeBase Chime, and/or importing Infringing Products into the United States for subsequent sale or use.

93.     Defendants have infringed the D'918 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Anker to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Anker is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

94.     Anker is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Anker is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT II**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D1,077,022**
**(35 U.S.C. § 271)**

95.     Anker repeats and realleges the foregoing allegations above as if fully set forth herein.

96.     Anker's D'022 Patent is valid and enforceable.

97.     To an ordinary observer, the Infringing Products, including but not limited to the AOSU Solar Light Cam Pro, embody the D'022 Patent's patented design or a colorable imitation thereof.

98.     Defendants, in violation of 35 U.S.C. §§ 271 and 289, have infringed and continue to infringe all claims of the D'022 Patent, either directly and/or indirectly, by making, using,

offering for sale or selling the Infringing Products, including but not limited the AOSU Solar Light Cam Pro, and/or importing Infringing Products into the United States for subsequent sale or use.

99. Defendants have infringed the D'022 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Anker to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Anker is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

100. Anker is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Anker is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT III**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

101. Anker repeats and realleges the foregoing allegations above as if fully set forth herein.

102. Anker is the exclusive owner of the HOMEBASE Trademark.

103. Anker owns a federal registration for the HOMEBASE Trademark

104. The HOMEBASE Trademark has been used continuously in interstate commerce since at least as early as 2018.

105. The HOMEBASE Trademark is valid and enforceable.

106. Without Anker's authorization, Defendants have used in commerce marks that are identical to the HOMEBASE Trademark in connection with goods identical and/or substantially similar to Eufy Products offered by Anker under the HOMEBASE Trademark.

107. Defendants' conduct is likely to cause forward, reverse, and/or post-sale confusion among the relevant customers and potential customers for related products, or to cause mistake, or to deceive consumers.

108. Defendants' conduct has caused and, unless enjoined by this Court, will continue to cause irreparable harm to Anker, Anker's reputation, and to Anker's goodwill in the HOMEBASE Trademark.

109. At all times, Defendants' conduct has been wanton, malicious, willful, and intended to cause confusion among consumers and to capitalize on Anker's goodwill in the HOMEBASE Trademark, and with actual or constructive knowledge of the Anker trademark.

110. Anker has no adequate remedy at law.

111. Defendants' conduct is in violation of 15 U.S.C. § 1114(1).

112. Defendants have caused and are likely to continue causing substantial irreparable injury to the public and to Anker; therefore, Anker is entitled to injunctive relief and to recover Defendants' profits, actual damages, disgorgement of Defendants' profits, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT IV
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

113. Anker repeats and realleges the foregoing allegations above as if fully set forth herein.

114. By misappropriating and using Anker's HOMEBASE Trademark, Defendants misrepresent and falsely describe to the general public the origin, source, affiliation, sponsorship, or relationship of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise and the relationship, affiliation, sponsorship partnership, and/or

connection between Anker's products and Defendants' Infringing Products, as well as between Anker and Defendants.

115.    Because Defendants' Products are the same exact types of goods as Anker's Eufy Products, Defendants' use of an identical trademark is also likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are sold or offered for sale by Anker; or that the goods are affiliated, connected, associated, or authorized with or by Anker, or have Anker's sponsorship, endorsement, or approval; or that Anker's goods are sold or offered for sale by Defendants; or that Anker's goods are affiliated, connected, associated, or authorized with or by Defendants, or have Defendants' sponsorship, endorsement, or approval.

116.    Defendants' conduct constitutes the use of symbols or devices tending falsely to describe the Infringing Products, within the meaning of 15 U.S.C. § 1125(a).

117.    Defendants' conduct has caused, and unless enjoined by this Court will continue to cause a likelihood of reverse, forward, and/or post-sale consumer confusion and deception of members of the general purchasing public, and injury to Anker's goodwill and reputation as symbolized by its HOMEBASE Trademark, for which Anker has no adequate remedy at law.

118.    At all times, Defendants' conduct has been wanton, malicious, willful, and intended to cause confusion among consumers and to capitalize on Anker's goodwill in the HOMEBASE Trademark, and with actual or constructive knowledge of Anker's trademark.

119.    Defendants have caused and are likely to continue causing substantial irreparable injury to the public and to Anker; therefore, Anker is entitled to injunctive relief and to recover Defendants' profits, actual damages, disgorgement of Defendants' profits enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT V
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
### (815 ILCS 510)

120.    Anker repeats and realleges the foregoing allegations above as if fully set forth herein.

121.    The Infringing Products sold and offered for sale by Defendants are of the same nature and type as the Eufy Products sold and offered for sale by Anker and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

122.    By misappropriating and using Anker's HOMEBASE Trademark, Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Products and create a likelihood of confusion by consumers as to the source of such merchandise.

123.    Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale and/or sale of the Infringing Products creates express and implied misrepresentations that the Infringing Products were created, authorized, or approved by Anker; or that Eufy Products were created, authorized, or approved by Defendants, all to the Defendants' profit and to Anker's great damage and injury.

124.    Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' use of the HOMEBASE Trademark in connection with their goods in interstate commerce constitutes a false designation of origin and unfair competition.

125.    Anker has no adequate remedy at law and, if the Defendants' activities are not enjoined, Anker will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Anker prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from the following acts in the United States or in any other manner that effects U.S. commerce:

   a. making, using, offering to sell, selling, or importing any products not authorized by Anker and that include any reproduction, copy or colorable imitation of the Eufy Patents;

   b. using the HOMEBASE Trademark or any reproduction, counterfeit copy, or colorable imitation thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Anker product;

   c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Anker, or are sponsored by, approved by, or otherwise connected with Anker;

   d. further infringing the HOMEBASE Trademark and damaging Anker's goodwill;

   e. infringing, inducing infringement, and/or contributing to the infringement of the Eufy Patents, including shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory covered by the Eufy Patents or bearing the HOMEBASE Trademark, or any reproductions, counterfeit copies, or colorable imitations of the Eufy Patents or the HOMEBASE Trademark.

2. For items that are located in the United States or that have been distributed or used in any manner in U.S. commerce, directing that Defendants deliver for destruction all such products, and labels, signs, prints, packages, and advertisements relating thereto in their possession or under their control bearing the HOMEBASE Trademark, and variations thereof or any simulation, reproduction, counterfeit, copy, or colorable imitation of the HOMEBASE Trademark, as well as products bearing the Eufy Patents, and all plates, molds, heat transfers, screens, matrices, and other means of making the same;

3. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Anker a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

4. That, upon Anker's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts, e-commerce platforms, or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Infringing Products;

5. That Defendants account for and pay to Anker all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the HOMEBASE Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6. That Anker be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Anker for Defendants' infringement of the Eufy Patents,

but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

7. That the amount of damages awarded to Anker to compensate Anker for infringement of the Eufy Patents be increased by three times the amount thereof due to, for example, Defendants' willful infringement of the Eufy Patents, as provided by 35 U.S.C. § 284;

8. In the alternative, that Anker be awarded all profits realized by Defendants from Defendants' infringement of the Eufy Patents, pursuant to 35 U.S.C. § 289;

9. Awarding Anker punitive damages for Defendants' willful acts of deceptive practices under Illinois law;

10. That Anker be awarded its reasonable attorneys' fees and costs;

11. That Anker be awarded pre-judgment and post-judgment interest on damages caused by Defendants' infringing activities and other conduct complained of herein; and

12. That Anker be awarded any and all other relief that this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Anker hereby demands a trial by jury as to all issues so triable.

*[signature page follows]*

Respectfully submitted,

**LIPPES MATHIAS LLP**

Dated: December 24, 2025

/s/ *Joshua R. Rich*
Joshua R. Rich
jrich@lippes.com
332 S. Michigan Avenue, 9th Floor
Chicago, Illinois 60604
Telephone: (872) 254-5500

Celeste M. Butera (*pro hac vice forthcoming*)
cbutera@lippes.com
445 Broadhollow Road, Suite 420
Melville, New York 11747
Telephone: (516) 820-1500

Anna Antonova (*pro hac vice forthcoming*)
aantonova@lippes.com
420 Lexington Avenue, Suite 2005
New York, New York 10170
Telephone: (332) 345-4500

*Attorneys for Plaintiffs*