**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANKER INNOVATIONS TECHNOLOGY CO., LTD., SHENZHEN OCEANWING SMART INNOVATIONS TECHNOLOGY CO., LTD., ANKER INNOVATONS LIMITED, and FANTASIA TRADING LLC, | ) | |
| Plaintiffs, | ) | Case No. 25-cv-15663 |
| v. | ) | Judge Sharon Johnson Coleman |
| BEIJING SEVEN TALENTS TECHNOLOGY CO., LTD., AOSU LIFE PTE. LTD. (SINGAPORE), SHENZHEN ZHILING TECHNOLOGY CO., LTD., GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD., and HONG KONG GLAZERO INTERNATIONAL TRADE CO., LIMITED, | ) | |
| Defendants. | ) | |

**ORDER**

Anker Innovations Technology Co., Ltd.; Shenzhen Oceanwing Smart Innovations Technology Co., Ltd.; Anker Innovations Limited; and Fantasia Trading LLC (together, "Plaintiffs") filed the present action against Beijing Seven Talents Technology Co., Ltd.; AOSU Life Pte. Ltd. (Singapore); Shenzhen Zhiling Technology Co., Ltd.; Guangzhou Chaoyan Technology Co., Ltd.; and Hong Kong Glazero International Trade Co., Limited (together, "Defendants"), alleging patent and trademark infringement.

Defendants filed a motion for reconsideration of the Court's February 24, 2026 order staying discovery, but allowing discovery to proceed on jurisdictional issues. For the reasons stated below, the Court denies Defendants' motion.

**BACKGROUND**

Plaintiffs filed this lawsuit on December 24, 2025. Defendants stated Court that they intended to move to dismiss for lack of personal jurisdiction. The Court subsequently allowed discovery concerning personal jurisdiction to proceed. On March 5, 2026, Defendants moved to reconsider the Court's order and requested a stay of all discovery pending resolution of their forthcoming motion to dismiss, which Defendants filed the following week.

On July 7, 2026, the Court directed Plaintiffs "to file an amended complaint or supplement addressing personal jurisdiction based on sale and delivery of Defendants' allegedly infringing products to the State of Illinois, rather than broad and generic allegations." The Court stated that it would consider the pending motions after Plaintiffs presented supplemental information. Plaintiffs filed their first amended complaint on July 21, 2026. Defendants then filed a renewed motion to dismiss based on the amended complaint on August 4, 2026, which challenged the Court's jurisdiction over Defendants. Defendants filed the present motion to renew their request that the Court stay jurisdictional discovery and decide personal jurisdiction on the current record.

**LEGAL STANDARD**

A district court has the discretion to reconsider its interlocutory orders under Federal Rule of Civil Procedure 54(b). *See Selective Ins. Co. of South Carolina v. City of Paris*, 769 F.3d 501, 505 (7th Cir. 2014). Rule 54(b) provides that nonfinal orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A motion to reconsider should only be presented where there has been a significant change in law or facts after the issue is presented to the Court or the Court has "patently misunderstood a party"; has "made a decision outside the adversarial issues presented" to it; or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

**DISCUSSION**

1. *Defendants' Motion For Reconsideration Is Appropriate*

Plaintiffs argue that Defendants' motion for reconsideration is not "proper," averring that Defendants provided no basis for reconsideration and merely seek to "rehash" old arguments. Their argument is unavailing. The Court specifically directed Plaintiffs to file an amended complaint or supplement addressing personal jurisdiction based on the "sale and delivery of Defendants' allegedly infringing products to the State of Illinois, rather than broad and generic allegations." (Dkt. 45). The Court stated that it would consider the pending motion for reconsideration and motion to dismiss after Plaintiffs submitted the additional information. As directed, Plaintiff filed an amended complaint with additional allegations supporting personal jurisdiction. This undoubtedly provided a "significant change in … facts" for the Court to consider, warranting reconsideration of its original order allowing jurisdictional discovery to proceed. The Court will therefore reconsider its order in light of the additional factual material in the record.

2. *Standard for Jurisdictional Discovery*

Plaintiffs were not initially required to allege facts to support the existence of personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir. 1998). However, once a defendant moves to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Id.* In their renewed motion to dismiss, Defendants challenge personal jurisdiction based on Plaintiffs' amended complaint.

However, the question at this juncture is not whether Plaintiffs' pleadings are sufficient to establish personal jurisdiction. That question is properly addressed when resolving Defendants' pending motion to dismiss. To resolve the *present* motion for reconsideration, the Court must address whether Plaintiffs' amended complaint has established a "colorable or prima facie" showing of personal jurisdiction justifying discovery. *In re Sheehan*, 48 F.4th 513, 526 (7th Cir. 2022).

To answer this question, the Court analyzes whether the amended complaint "suppl[ies] enough fact to raise a reasonable expectation that discovery will reveal evidence supporting [Plaintiffs'] allegations." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 934–935 (7th Cir. 2012). The "colorable or prima facie" showing is not a "particularly onerous" standard, and courts generally grant jurisdictional discovery if a plaintiff shows that the factual record is "at least ambiguous or unclear" as to whether personal jurisdiction exists. *See Calloway v. AT&T Corp.*, 2019 WL 4694724, at *2 (N.D. Ill. Sept. 26, 2019) (Chang, J.).

*3. Plaintiffs' Amended Allegations*

Plaintiffs allege that infringing products were purchased and delivered to Illinois in April 2026, including a sworn affidavit from the investigator who made the purchases. However, these sales took place after Plaintiff initiated this action. Contacts that exist only after plaintiffs file a complaint cannot be counted towards personal jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019) (personal jurisdiction cannot be based on a contact that did not exist with the plaintiff initiated the action); *see also Haggerty Enterprises, Inc. v. Lipan Indus. Co.*, 2001 WL 968592, at *4 (Andersen, J.) (N.D.Ill. Aug. 23, 2001) (finding that product sales after a suit had been filed could not be considered because they invite strategic behavior). As the Seventh Circuit has explained, this requirement is "[c]rucial to the minimum contacts analysis is showing that the defendant should reasonably anticipate being haled into court [in the forum state] because the defendant has purposefully avail[ed] itself of the privilege of conducting activities there." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (internal quotation and quotation marks omitted). This approach "ensures that a defendant has the fair warning … *before* a suit is filed, not after." *NTE LLC v. Kenny Constr. Co.*, 2015 WL 6407532, at *5 (Zagel, J.) (N.D. Ill. Oct. 21, 2015). Thus, the Court will not consider allegations relating to Plaintiffs' post-filing purchases.

Plaintiffs' amended complaint also alleges that Defendants sold infringing products through the Amazon platform in 2022, and submit records of the sales from Beijing Seven Talents Technology Co., Ltd.'s application for the "AOSU" trademark. Defendants sold a wireless doorbell camera product, "Video Doorbell Pro V8P with HomeBase" to customers in East Peoria, Illinois and Cicero, Illinois. Plaintiffs claim that this product infringes upon Plaintiffs' HOMEBASE® trademark. The amended complaint states that Plaintiff uses the HOMEBASE® trademark in connection with selling home security systems and security cameras under their "EUFY®" brand. The HOMEBASE® mark covers not the security systems themselves, but instead covers the "Computer storage devices, namely, high-speed storage subsystems for storage and backup of electronic data locally" associated with Plaintiffs' "EUFY®" brand. Accordingly, Plaintiffs allege that "[c]onsumers have come to associate the HOMEBASE® mark with [the] EUFY® brand."

Defendants argue that because they include term "HomeBase" to "communicate a storage location," not the wireless doorbell camera itself, that their use of the term does not infringe upon Plaintiffs' mark. But Plaintiffs' allegations establish that Defendants use the mark in the same way as Plaintiffs. Specifically, Defendants use "HomeBase" to describe the same class of products covered by the HOMEBASE® mark: "storage subsystems for storage … of electronic data." Plaintiff plausibly alleges that Defendants palm off the storage systems used for their doorbell cameras as the same storage devices covered by Plaintiffs' trademark.

Furthermore, Plaintiffs' additional allegations provide more than general, broad claims that Defendants sell and market goods to Illinois customers and operate websites that are "accessible, used by, and targeted to consumers in Illinois." Plaintiffs allege that infringing products were sold and delivered to customers in Illinois through Amazon, and that Defendants' infringing products are sold at specific retail locations in Illinois, such as Menards. Taken together, these allegations raise an ambiguity as to whether Defendants targeted its sales efforts toward Illinois through a distributor,

and whether Defendants could fairly expect based on awareness of sales in Illinois that they "'should reasonably anticipate being haled'" into Illinois courts. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)).

Taking the allegations in the amended complaint as a whole, Plaintiffs have made a "colorable or prima facie" showing that the factual record is "at least ambiguous or unclear" and have raised "a reasonable expectation that discovery will reveal evidence" relevant to whether personal jurisdiction exists.

**CONCLUSION**

For the reasons stated above, the Court denies Defendants' motion to reconsider [56]. The Court does not reach the sufficiency of Plaintiff's personal jurisdiction allegations, nor rule upon the merits of Plaintiffs' case. Rather, the Court finds that Plaintiffs have made an adequate showing for limited jurisdictional discovery to proceed. Accordingly, briefing on Defendants' motion to dismiss [54] shall be stayed pending the completion of jurisdictional discovery.

As discovery efforts are already underway and Plaintiff has served jurisdictional discovery requests, the Court establishes a deadline of September 1, 2026, for the parties to complete jurisdictional discovery.

**IT IS SO ORDERED.**

Date: 8/31/2026

Entered: ______________________________
SHARON JOHNSON COLEMAN
United States District Judge