**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANKER INNOVATIONS TECHNOLOGY CO., LTD; SHENZHEN OCEANWING SMART INNOVATIONS TECHNOLOGY CO., LTD.; ANKER INNOVATIONS LIMITED; and FANTASIA TRADING LLC;

Plaintiffs,

v.

BEIJING SEVEN TALENTS TECHNOLOGY CO., LTD.; AOSU LIFE PTE. LTD. (SINGAPORE); SHENZHEN ZHILING TECHNOLOGY CO., LTD.; GUANGZHOU CHAOYAN TECHNOLOGY CO., LTD.; and HONG KONG GLAZERO INTERNATIONAL TRADE CO., LIMITED;

Defendants.

Case No. 1:25-cv-15663

**JURY TRIAL DEMANDED**

**JOINT STATUS REPORT**

NOW COME Plaintiffs Anker Innovations Technology Co., Ltd.; Shenzhen Oceanwing Smart Innovations Technology Co., Ltd.; Anker Innovations Limited; and Fantasia Trading LLC (collectively, "Plaintiffs") and Defendants Beijing Seven Talents Technology Co., Ltd.; AOSU Life Pte. Ltd. (Singapore); Shenzhen Zhiling Technology Co., Ltd.; Guangzhou Chaoyan Technology Co., Ltd.; and Hong Kong Glazero International Trade Co., Limited (collectively, "Defendants"), and for their Joint Status Report pursuant to the Court's Order of July 10, 2026 (Dkt. # 46), state as follows:

## I. Procedural Background

Plaintiffs filed their original Complaint (Dkt. # 1) asserting claims of design patent infringement, federal trademark infringement, unfair competition and false designation of origin, and violation of the Illinois Deceptive Trade Practices Act on December 24, 2025. After each of the Defendants waived service on February 3, 2026 (Dkt. # 22), Judge Coleman held an initial status conference. After Defendants indicated that they intended to move to dismiss the original Complaint for lack of personal jurisdiction, Judge Coleman ordered that “[d]iscovery is stayed pending ruling on the motion to dismiss but will proceed on the jurisdictional issues” (Dkt. # 24). Thereafter, Defendants filed a Motion to Reconsider Order Permitting Jurisdictional Discovery (Dkt. # 33) and their Motion to Dismiss (Dkt. # 36).

On July 7, 2026, Judge Coleman held a further status hearing and, in light of the pendency of Defendants’ motions, entered an order directing Plaintiffs “to file an amended complaint or supplement addressing personal jurisdiction based on sale and delivery of Defendants' allegedly infringing products to the State of Illinois, rather than broad and generic allegations” (Dkt. # 45). The order also continued Defendants’ Motion to Reconsider and Motion to Dismiss and stated that the Court “shall consider the motions after such supplemental information, if any, is presented.”

On July 21, 2026, Plaintiffs filed their First Amended Complaint (Dkt. # 47) asserting the same claims and providing additional information regarding personal jurisdiction. In response, Defendants filed a Renewed Consolidated Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) (Dkt. # 54) and Renewed Motion to Reconsider Order Permitting Jurisdictional Discovery (Dkt. # 56). After briefing, Judge Coleman entered an Order (Dkt. # 70) denying the Renewed Motion to Reconsider and ordering jurisdictional discovery to proceed.

Rather than continuing to pursue the portion of their Renewed Consolidated Motion to Dismiss asserting lack of personal jurisdiction, Defendants are submitting to the personal jurisdiction of this Court solely for the purposes of the claims asserted by the Plaintiffs in the First Amended Complaint in this matter and are no longer seeking to dismiss this case under Rule 12(b)(2) of the Federal Rules of Civil Procedure. (*See* Dkt. # 85). Because Defendants have withdrawn the portion of their motion based on Rule 12(b)(2), Plaintiffs have agreed to waive receiving further jurisdictional discovery from Defendants. (*Id.*)

**II. Pending Motions and Previously Set Deadlines**

Defendants' Renewed Consolidated Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) (Dkt. # 54) remains pending but has been narrowed to the grounds for dismissal asserted under Rule 12(b)(6).

There are no previously set deadlines. The parties expect to propose deadlines for the pending aspects of Defendants' Motion to Dismiss with Judge Coleman shortly.

**III. Proposals Regarding Discovery**

Plaintiffs' Position: In light of the filing of the Joint Notice Regarding Personal Jurisdiction and Jurisdictional Discovery and Defendants' withdrawal of its motion to dismiss under Rule 12(b)(2), Plaintiffs believe that discovery on the merits should be open immediately and the Court should enter a schedule for the case. Plaintiffs note that they sought to meet and confer regarding the scope and nature of discovery on the merits in February 2026; Defendants refused to engage in discussions and, instead, moved the Court to stay all discovery pending determination whether they were subject to personal jurisdiction in this District.

Ultimately, Defendants conceded that they are subject to personal jurisdiction in this District. They did not do so, however, until the case had been pending for over ten months.

Now, Defendants again seek to delay the case from proceeding on the merits, this time based on the potential filing of *inter partes* review petitions – petitions they have not filed to date – that relate to only two of the five claims asserted in this case. Defendants' arguments are much like those rejected in *Ellenby Techs., Inc. v. Fireking Sec. Grp.*, 533 F.Supp.3d 656 (N.D. Ill. 2021). There, the defendants moved to stay proceedings in a patent infringement suit upon the filing of an IPR petition relating to the sole asserted patent. *Id.* at 658. The Court denied the stay without prejudice because "a stay is premature before the PTAB has decided whether to institute IPR to begin with," relying "on a well-reasoned, unpublished order from former U.S. District (and now Seventh Circuit Court of Appeals) Judge Amy J. St. Eve, deciding that with the PTAB not even having determined whether IPR will be undertaken, staying the litigation is premature." *Id.*at 659. Upon reconsideration, it denied the stay again in part because ten months had passed since the filing of the lawsuit – a period that was longer than the eight months described as "long" in *Multimedia Content Mgt., LLC v. Dish Network, L.L.C.,* No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019).

Critically, the timeline for an IPR petition will add at least six months to the proceedings (if institution of the petition is denied), up to eighteen months (if the petition is instituted), and even more if the PTAB decision is appealed. *Ellenby*, 533 F. Supp.3d at 662-63. And it comes with no guarantee that the issues in this Court will be simplified in any way, as numerous cases collected in *Ellenby* (and elsewhere) note. *Id.* at 663-64. And here, Defendants are merely considering the filing of an IPR: they are encouraging the Court to stay discovery again without any petition on file and knowing any such petition would have no effect upon the three other claims pending before the Court.

Accordingly, Plaintiffs respectfully request that the Court allow this case to proceed on the merits. Plaintiffs propose the following schedule for discovery and related matters:

| **Event** | **Date** |
|---|---|
| Initial Disclosures Due | Seven Days After Entry of Schedule |
| Deadline for Joining Additional Parties | January 15, 2027 |
| Deadline to Amend Pleadings | January 15, 2027 |
| Fact Discovery Cutoff | July 30, 2027 |
| Expert Reports on Issues for which a Party Bears the Burden of Proof | September 30, 2027 |
| Expert Reports on Issues for which a Party Does not Bear the Burden of Proof | October 29, 2027 |
| Reply Expert Reports | November 30, 2027 |
| Expert Discovery Cutoff | January 7, 2028 |

Defendants' Position: Defendants submit that discovery on the merits should not open until the parties have met and conferred regarding the scope and nature of such discovery, including an ESI protocol, and the Court has resolved the narrow motion to dismiss on Rule 12(b)(6) grounds that remains pending and the potential motion to stay the proceeding as detailed below. Specifically, Defendants are currently evaluating whether to file *inter partes review* petitions with the United States Patent and Trademark Office with respect to the two asserted design patents, US D1,077,022 and US D966,918. Defendants note that the Chinese patent office recently invalidated the Plaintiffs' design patents for the same designs based on prior art rendering the patents invalid. If they file such petitions, Defendants expect to also file a motion with this Court for a pre-institution stay of this litigation given the significance of the design patents in this litigation; indeed, the case would be significantly narrowed if the USPTO ultimately invalidates the two asserted design patents. *See SRAM, LLC v. RFE Holding (Canada) Corp.*, 15 C 11362, 2016 WL 11940537, at *2 (N.D. Ill. Dec. 21, 2016) (stating that "the benefits of staying a case pending PTAB review are well known" because "the possibility that the case will be resolved in part or in whole and, even if not, provides district courts with persuasive

reasoning that they can use to resolve any issues that remain following the reviews."). This short stay would not prejudice the Plaintiffs because the case is still in the pleadings stage and merits discovery has yet to commence and there would be substantial merits discovery on the design patent issues that might otherwise be unnecessary if the design patents are cancelled. *See Putco, Inc. v. Carjamz Com Inc.*, 20-CV-50109, 2021 WL 4926499, at *2 (N.D. Ill. Mar. 2, 2021) (holding that Plaintiff would not suffer undue prejudice or tactical disadvantage from a stay since the litigation is at an early stage and Plaintiff did not seek a preliminary injunction); *see Medline Indus., Inc. v. C.R. Bard, Inc.*, 14 C 3618, 2015 WL 13955997, at *1 (N.D. Ill. Feb. 11, 2015); *SRAM, LLC*, 2016 WL 11940537, at *2 (holding that "a stay would reduce the burden of litigation on both the parties and the court. This case is in its early stages. No depositions have been noticed, and no dates for expert discovery, summary judgment, or trial have been set. . . . By not simultaneously litigating this case before both the PTAB and this court, the parties will be able to conserve significant resources.").

Plaintiffs contend that the Court should permit discovery to open anyway even though the case could be narrowed substantially through the pending motion to dismiss and potential *inter partes review* proceedings that would invalidate the design patents asserted in the case.[1] Defendants submit that deferring such opening of discovery for approximately one month so that the parties can brief and the Court can resolve the pending motion to dismiss and Defendants can confirm whether they will move to stay discovery based on the filing of any *inter partes review* proceedings will not substantially prejudice the parties or cause the more significant delay that Plaintiffs claim will be imminent. In any event, Defendants note that all of these issues can be resolved after the Court has considered full briefing on these issues in the next month or so

[1] Such filing would need to be made within the next two months given the deadline for such filing under 35 U.S.C. § 315(b).

without any prejudice to the Plaintiffs and that such an approach is more appropriate than resolving these issues through the abbreviated statement of the parties' respective positions in a joint status report.[2]

To the extent the Court nonetheless permits merits discovery to proceed now, Defendants submit that the Court should at least defer the deadline for initial disclosures until thirty days after any schedule is entered by the Court (not seven days as proposed by Plaintiffs) so that the Court can consider any stay motion and the Defendants will have sufficient time to provide such disclosures. Given the international nature of the parties and their respective employees who would likely need to be deposed and the potential for third-party discovery involving other international parties, Defendants further submit that the deadlines proposed by Plaintiffs should be extended by at least 90 days. Such revised schedule is proposed below:

| **Event** | **Date** |
|---|---|
| Initial Disclosures Due | Thirty Days After Entry of Schedule |
| Deadline for Joining Additional Parties | January 15, 2027 |
| Deadline to Amend Pleadings | January 15, 2027 |
| Fact Discovery Cutoff | November 1, 2027 |
| Expert Reports on Issues for which a Party Bears the Burden of Proof | December 30, 2027 |
| Expert Reports on Issues for which a Party Does not Bear the Burden of Proof | January 31, 2028 |
| Reply Expert Reports | February 28, 2028 |
| Expert Discovery Cutoff | April 7, 2028 |

[2] Defendants also note that the cases cited by Plaintiffs are not analogous to this situation where the Chinese patent office has already invalidated the corresponding design patents at issue based on the prior art and the parties have not yet commenced fact discovery in this case. *See Ellenby Techs., Inc. v. Fireking Sec. Grp.*, 533 F.Supp.3d 659 (N.D. Ill. 2021) (where "the parties [had] undertaken already a significant amount of written discovery" including document production); *Multimedia Content Mgt., LLC v. Dish Network, L.L.C.,* No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019) (where the case was much further along, having already completed a Markman hearing).

**IV. Settlement Update**

In connection with the preparation of this Joint Status Report, counsel for the parties conferred regarding a potential framework for settlement of the claims and defenses asserted in the case. Counsel intend to resume those discussions after they have consulted with their respective clients regarding that framework.

October 29, 2026

Respectfully submitted,

**LIPPES MATHIAS LLP**

*/s/ Joshua R. Rich*
Joshua R. Rich
332 S. Michigan Ave., Suite 900
Chicago, IL 60604
Phone: (872) 254-5500
Email: jrich@lippes.com

Celeste M. Butera (*pro hac vice*)
445 Broadhollow Road, Suite 420
Melville, NY 11747
Phone: (516) 820-1500
Email: cbutera@lippes.com

Tony V. Pezzano (*pro hac vice*)
Anna Antonova (*pro hac vice*)
420 Lexington Avenue, Suite 2005
New York, NY 10170
Phone: (332) 345-4500
Email: tpezzano@lippes.com
aantonova@lippes.com

*Attorneys for Plaintiffs Anker Innovations Technology Co., Ltd.; Shenzhen Oceanwing Smart Innovations Technology Co., Ltd.; Anker Innovations Limited; and Fantasia Trading LLC*

**LATHAM & WATKINS LLP**

*/s/ Matthew M. Walch (with consent)*
Matthew W. Walch
330 N Wabash Avenue
Suite 2800
Chicago, IL 60611
Phone: (312) 876-7603
Email: matthew.walch@lw.com

**YOUNGZEAL LLP**
Tianqin Zhao
9355 John W. Elliott Dr., Suite 25555
Frisco, Texas 75033
Phone: (585) 748-3732
Email: zhao@yzlaw.com

**ANJIE BROAD LAW FIRM**
Fan Liang (*pro hac vice* forthcoming)
Zhiyu Liang (*pro hac vice*)
14th Floor, North Tower
Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020
CHINA
Phone: +86 (10) 8567-5988
Email: alex_liang@anjielaw.com
liangzhiyu@anjielaw.com

*Attorneys for Defendants Beijing Seven Talents Technology Co., Ltd.; AOSU Life Pte. Ltd. (Singapore); Shenzhen Zhiling*

*Technology Co., Ltd.; Guangzhou Chaoyan Technology Co., Ltd. and Hong Kong Glazero International Trade Co., Limited*